[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Eugeniusz Bezyk, alleges that in January, 1989, he purchased a Ford pickup truck from defendant Keating Ford [hereinafter "Keating"] which developed a gasoline leak. The plaintiff further alleges the following: that pursuant to Keating's instructions, he brought the truck to defendant Stamford Motors, Inc. [hereinafter "Stamford Motors"], an agent, servant and/or employee of Keating; that Stamford Motors repaired the gasoline leak; and that while plaintiff CT Page 2925 was subsequently driving from Stamford Motors' place of business, the right rear wheel of the truck became detached from the vehicle and the vehicle struck the ground with great force, causing severe damages to such vehicle. The three count negligence action was originally filed in November, 1989, and it was amended in July, 1990 and February, 1992. The most recent amendment added a fourth negligence count directed to Burns Tire Exchange, Inc. [hereinafter "Burns"], from which plaintiff allegedly purchased the tires for the truck in March, 1989.
The fourth count of the amended complaint was added by order of this court. On July 11, 1990, Stamford Motors filed a motion pursuant to General Statutes 52-102 to join Burns as an additional defendant to the action, stating that Burns is or may be liable for all or part of plaintiff's alleged claims. Stamford Motors attached to this motion a "proposed amended complaint" for the plaintiff to serve upon Burns in order to make Burns a party to the action. The motion to add Burns as a party defendant was granted by this court, Cioffi, J., on July 30, 1990. However, service was not effected upon Burns within the required time period, so following Stamford Motor's motion to reargue the 52-102
motion, this court, Lewis, J., provided counsel with a new date of service and return date on April 5, 1991. The file indicates that plaintiff received a ten day extension of the service date on May 9, 1991 and that dismissal entered on June 29, 1991. The case was reopened by this court, Rush, J., on October 7, 1991 over Stamford Motors' objection. Burns was eventually served with the amended complaint on March 5, 1992. On June 18, 1992, Burns filed a special defense which asserted that the plaintiff's negligence count was barred by the statute of limitation in General Statutes 52-584.
Burns now moves (#137) for summary judgment on the ground that the statute of limitations has expired. In support of such motion, Burns submitted the affidavit of Richard Martin, manager of Burns, which states that service was made on March 5, 1992, and an uncertified copy of a portion of plaintiff's deposition.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wadia Enterprises v. Hirschfeld,224 Conn. 240, 247, 618 A.2d 506 (1992). A material fact is one that will make a difference in the result of a case. Hammer v. Lumbermen's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., quoting State v. Groggin, 208 Conn. 606,616, 546 A.2d 250 (1988). CT Page 2926
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." (Citation omitted; internal quotation marks omitted.) Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81, 595 A.2d 334 (1991). However, if the evidence presented is sufficient, it is "not rebutted by the bald statement that an issue of fact does exist." (Citations omitted; internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., supra, 579. In deciding such a motion, the court must view the evidence in the light most favorable to the non moving party. Connecticut Bank Trust Co. v. Carriage Lane Associates, supra.
Burns argues that since it was not served with the amended complaint until approximately eleven months after the two year negligence statute of limitations had expired, plaintiff's claim is barred as a matter of law and the court should grant summary judgment as to count four. In response, Keating argues that a party may be cited in pursuant to General Statutes 52-102 as a necessary party to obtain apportionment of liability even though plaintiff's claims are barred by the applicable statute of limitations.
General Statutes 52-584, the statute of limitation regarding actions for injury to person or property, provides that such an action "shall be brought but within two years from the date when the injury is first sustained or discovered." The plaintiff alleges that the truck was purchased in January of 1989; that the gas leak was discovered "shortly after" that time; that plaintiff immediately notified Keating and was instructed to take the vehicle to Stamford Motors; and that the damage to the truck occurred while plaintiff was driving from Stamford Motors' place of business after the repairs were made. Keating claims that plaintiff's deposition testimony indicates that the damage to the truck could not have occurred after April of 1989, in which case the two year statute of limitation expired in April of 1991. Since the portions of plaintiff's deposition filed in support of Burns' motion for summary judgment are neither certified nor authenticated by an affidavit pursuant to Practice Book 380, they are not relied upon by this court in deciding this motion. See Oberdick v. Allendale Mutual Insurance Co., 9 Conn. L. Rptr. 607, 608 (August 25, 1993, Cellotto, J.). However, since the original complaint is dated November 3, 1989, any damage to the truck must have necessarily occurred before that time. Burns was not served with the amended complaint until March of 1992, so even if the damage occurred as late as November, 1989, the statute of limitation would have expired in November of 1991. Therefore, 52-584 bars plaintiff's negligence claims against Burns and Burns' motion for summary judgment as to count four is granted. CT Page 2927
However, a question remains as to whether Burns should remain in the action for apportionment purposes because this court granted a motion to cite in Burns as a party defendant to this action in July, 1990, well before the statute of limitation expired. General Statutes52-102 provides in relevant part that:
 [u]pon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving . . . (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided that any person who is immune from liability shall be made a defendant in the controversy.
Under General Statutes 52-572h(c) a defendant's liability can be reduced only in proportion to other parties to the action. Thus, for a defendant to assure that he be held liable for no more than his proportionate share of the plaintiff's damages, all tortfeasors, other than released or settled persons, must be joined in the action.
"There is a split of authority on this court as to whether a person against whom a negligence claim is time barred ought to be made a defendant for the sole purpose of enabling the trier of fact to apportion negligence between and among those who were actually responsible and to avoid attributing to an individual defendant more than his proportionate share of the negligence." (emphasis added.) Bushie v. Putzig, 10 CTLR 228 (October 12, 1993, Mottolese, J.). One of the many ways that the court has made a party against whom negligence is barred a defendant in an action is by permitting a plaintiff to serve upon such defendant a writ of summons without a complaint, so the statute of limitations issue would never arise and the added defendant could have a percentage of his negligence assessed. Id., citing Baker v. Franco, 7 CTLR 622 (December 21, 1992, Fuller, J.).
In the present case, this court granted a motion to make Burns a party to this action in July of 1990, which is before the statute of limitations expired. "Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstances." Breen v. Phelps, 186 Conn. 86, 100,439 A.2d 1066 (1982). Furthermore, plaintiff's failure to serve the proposed amended complaint in a timely manner pursuant to orders of this CT Page 2928 court should not prejudice the defendants Stamford Motor and Keating. Accordingly, despite the fact that plaintiff's negligence claim is time barred, Burns should remain a party defendant to the action in order to avoid attributing to Stamford Motors and Keating more than their proportionate share of negligence.
Thus, the motion for summary judgment as to count four of the plaintiff's complaint is granted, as the statute of limitation for negligence actions has expired. However, Burns shall remain in the action as a party defendant for purposes of apportionment, since it was cited inter the action pursuant to 52-102 prior to the running of the statute.
So Ordered.
Dated at Stamford, Connecticut, this 17 day of March, 1994.
William B. Lewis, Judge